**FILED**

VANESSA L. ARMSTRONG, CLERK

OCT 0 1 2014

**U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                                 CRIMINAL ACTION NO. 3:13CR-98-S

RANYER MATOS                                                        DEFENDANT

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial, and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not. You must follow all of the instructions as a whole; you may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against the defendant is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove innocence or produce any evidence at all. This means that a defendant has no obligation to testify. Therefore, if the defendant does not testify during a trial, you may not draw any inference or suggestion of guilt from that fact, nor may you consider this in any way in reaching your verdict. The United States has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the United States' proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make. You need not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning a point is not controlling.

In deciding how much of a witness' testimony to believe, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case? Did the witness have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

When knowledge of a specialized subject matter may be helpful to the jury, a person having training or experience in the field is permitted to state an opinion.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

## COUNTS 1 AND 2

Counts 1 and 2 of the indictment charges the defendant with knowingly and willfully making a false statement to an agency of the United States.

The defendant can be found guilty of the crime charged in either of Counts 1 or 2, or both of them, only if all of the following facts are proved beyond a reasonable doubt with respect to that count:

## Count 1

First: That on or about July 17, 2012, the defendant, Ranyer Matos, denied to Special Agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATFE) writing a letter that was mailed to an ATFE Special Agent;

Second: That the statement was false;

Third: That the statement was material;

Fourth: That the defendant acted knowingly and willfully; and

Fifth: That the statement pertained to a matter within the jurisdiction of the executive branch of the United States Government.

## Count 2

First: That on or about August 7, 2012, the defendant, Ranyer Matos, denied to Special Agents pf the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATFE) writing a letter that was mailed to an ATFE Special Agent;

Second: That the statement was false;

Third: That the statement was material;

Fourth: That the defendant acted knowingly and willfully; and

Fifth: That the statement pertained to a matter within the jurisdiction of the executive branch of the United States Government.

A statement is "false" if it was untrue when it was made and the defendant knew it was untrue at that time.

A "material" statement is one that has the natural tendency to influence or is capable of influencing a decision of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives.

A matter is "within the jurisdiction of the United States government" in this instance if the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives has the power to exercise authority in the matter. I instruct you as a matter of law that the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives is an agency of the Executive Branch of the United States government. I further instruct you as a matter of law that an investigation by the ATFE of possible violations of the provisions of Title 18 of the United States Code is a matter within the jurisdiction of the Executive Branch of the United States government.

An act is done "knowingly and willfully" if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason.

You will note that the indictment charges that the crimes were committed "on or about" a certain date. The United States does not have to prove with certainty the exact date of the alleged crimes. It is sufficient if the United States proves beyond a reasonable doubt that the crimes were committed on a date reasonably near the date alleged.

A separate crime is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not affect your verdict as to any other crime charged.

The defendant is on trial only for the specific crimes alleged in the indictment. Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a defendant is convicted the matter of punishment is for the judge to determine.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will not have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinions and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the other jurors think differently or merely to get the case over with.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

Verdict forms have been prepared for your convenience.

You will take the verdict forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict forms, date and sign them, and then return to the courtroom.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, Instagram, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone information about this case or to conduct any research about this case until I have accepted your verdict.

**FILED**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

VANESSA L. ARMSTRONG, CLERK

JUL – 2 2013

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

v.

**RAYNER MATOS**

INDICTMENT

NO. $3.13CR-98-S$

18 U.S.C. § 1001(a)(2)

The Grand Jury charges:

## COUNT 1

On or about July 17, 2012, in the Western District of Kentucky, Jefferson County, Kentucky, in a matter within the jurisdiction of the Bureau of Alcohol, Tobacco, Firearms, and Explosives and the United States Department of Justice, **RAYNER MATOS**, defendant herein, knowingly and willfully made materially false, fraudulent, and fictitious statements and representations to Special Agents of Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATFE) of the United States Department of Justice. Specifically, **RAYNER MATOS**, denied writing a letter when he in fact wrote the letter that was mailed to an ATFE Special Agent. He made these statements, when in truth and fact, they were not true.

In violation of Title 18, United States Code, Section 1001(a)(2).

The Grand Jury further charges:

## COUNT 2

On or about August 7, 2012, in the Western District of Kentucky, Jefferson County, Kentucky, in a matter within the jurisdiction of the Bureau of Alcohol, Tobacco, Firearms, and Explosives and the United States Department of Justice, **RAYNER MATOS**, defendant herein,

knowingly and willfully made materially false, fraudulent, and fictitious statements and representations to Special Agents of Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATFE) of the United States Department of Justice. Specifically, **RAYNER MATOS**, denied writing a letter when he in fact wrote the letter that was mailed to an ATFE Special Agent. He made these statements, when in truth and fact, they were not true.

In violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL.

**Redacted**

FOREPERSON

DAVID J. HALE
United States Attorney
DJH:JDJ

2

# VERDICT FORM
## Count 1

| | District |
|---|---|
| **𝔘nited 𝔖tates 𝔇istrict 𝔆ourt** | Western District of Kentucky |
| **Case Title**<br>UNITED STATES OF AMERICA<br><br>v.<br><br>RANYER MATOS | **Docket No.**<br><br>CRIMINAL ACTION NO. 3:13CR-98-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Ranyer Matos, _____ as to Count 1 of the indictment.
                                       (guilty/not guilty)

| Foreperson's Signature | Date |
|---|---|
| | |

| | District |
|---|---|
| **United States District Court** | Western District of Kentucky |

| Case Title<br>UNITED STATES OF AMERICA | Docket No. |
|---|---|
| v.<br><br>RANYER MATOS | CRIMINAL ACTION NO. 3:13CR-98-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Ranyer Matos, _____ as to Count 2 of the indictment.
(guilty/not guilty)

| Foreperson's Signature | Date |
|---|---|